IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD, | : |
| | : Civil Action No. 13 CV 7405 (DAB) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TIAA BOARD OF OVERSEERS;  TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC; AND JARROD FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TIAA BOARD OF OVERSEERS AND TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC's <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Defendants TIAA Board of Overseers ("Board") and TIAA-CREF Individual and Institutional Services, LLC ("Services") hereby submit this Memorandum of Law in Support of Their Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Amended Complaint filed by Cynthia Richards-Donald ("Richards-Donald" or "Plaintiff") simply lumps Defendants Board and Services together with the only entity that actually employed Plaintiff, Defendant Teachers Insurance and Annuity Association of America ("TIAA").  In doing so, Plaintiff has failed to satisfy the requirements of Federal Rule of Civil Procedure 8(a), and her Amended Complaint should therefore be dismissed.[1]

---

[1] This Motion is filed without prejudice to the simultaneously filed Motion to Dismiss or Transfer Venue and Motion for More Definite Statement filed on behalf of Defendants Board and Services.

1

*ATL 19440686v2*

## BACKGROUND

Plaintiff, a former employee of TIAA, alleges discrimination on the basis of race, harassment, and retaliation pursuant to 42 U.S.C. § 1981 arising out of her former employment with TIAA.  (*See generally* Am. Compl.).  At the outset, Plaintiff simply defines the term "TIAA" so as to lump together the Board, Services, and TIAA collectively, and the term "Defendants" to add Mr. Fowler to the mix. (*Id.* at unnumbered paragraph before ¶ 1).  Plaintiff then uses the undifferentiated terms "TIAA" and "Defendants" throughout the remainder of her Amended Complaint.  The only time Plaintiff distinguishes among the three separate corporate entities, Plaintiff alleges that Defendants Board and Services are the corporate parent and subsidiary, respectively, of Plaintiff's employer, TIAA. (*Id.* at ¶¶ 12-14).  While Plaintiff alleges that the Board and Services are "employers" under "all relevant statutes," Plaintiff never alleges that they were in fact <u>her</u> employer either directly or under any veil-piercing or joint or co-employment theory.[2] (*Id.*).  As a result of her failure to set forth any allegations explaining just what Defendants Board and Services are alleged to have done, she has failed to satisfy the requirements of Rule 8(a).  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Board and Services and her Amended Complaint against them should be dismissed.  Fed. R. Civ. P. 12(b)(6).

## ARGUMENT AND CITATION OF AUTHORITIES

Plaintiff's Amended Complaint fails to state claims against Defendants Board and Services; instead, it merely lumps them together with TIAA in making generic allegations.  That is plainly insufficient to state a claim against either defendant.  It is well-established in the

---

[2]     Moreover, given that the word "employer" does not appear in the only statute under which Plaintiff is suing, 42 U.S.C. § 1981, it is not clear what "relevant statutes" she is referring to.  Instead, this appears to be a boilerplate allegation not tailored to this case.

2

Second Circuit that a complaint against multiple defendants must specify the conduct for which each particular defendant is allegedly liable. *See, e.g., Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard [of pleading under Rule 8(a)] . . ."); *Yucyo, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 219 (S.D.N.Y. 1997) ("Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint against multiple defendants 'indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.'") (quoting *Mathews v. Kilroe*, 170 F. Supp. 416, 417 (S.D.N.Y. 1959)). This rule has been applied to claims under 42 U.S.C. § 1981, such as have been asserted by Plaintiff here. *See Elias v. City of New York*, No. 10-CV-5495(SLT)(LB), 2010 WL 5475809, *3 (E.D.N.Y. Dec. 30, 2010) (granting motion to dismiss § 1981 claim where "Plaintiff fails to give the defendants fair notice of her remaining civil rights claims or to allege facts against each individual and entity. The limited facts contained in the complaint attribute discrimination, retaliation, and disparate treatment generally to 'Defendants' . . . without distinguishing their individualized conduct.").

Indeed, numerous district courts in the Second Circuit in just the past few years have all expressly rejected the kind of indiscriminate lumping together of separate defendants that Plaintiff attempts here.[3] And it does not matter whether the defendants being lumped together

---

[3] *E.g., JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 530 (S.D.N.Y. 2013) (granting motion to dismiss where defendant "is only specifically invoked in two boilerplate sentences setting forth the elements" of a claim and "also lumped together with all 'Defendants' in a number of other boilerplate allegations"); *Morpurgo v. Incorporated Village of Sag Harbor*, 697 F. Supp. 2d 309, 338 (E.D.N.Y. 2010) ("It is well settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that Defendant should be granted."); *Gunther v. Capital One, NA*, 703 F. Supp. 2d 264, 277 (E.D.N.Y. 2010) (granting motion to dismiss where, "[e]xcept for the plaintiff's use of the term 'Defendants' in plural and

3

his allegation that [parent] controls [subsidiary], [parent] is left almost entirely out of the story."); *Druyan v. Jagger*, 508 F. Supp. 2d 228, 236-237 (S.D.N.Y. 2007) (granting motion to dismiss where "plaintiff consistently lumps the defendants together in her arguments; yet there is no factual allegation in the complaint that would allow this court, or any trier of fact, to conclude that they are or ought to be treated as a single entity. . . . Therefore, she has stated no claim for breach of contract against any of them . . ."); *Harris v. NYU Langone Med. Ctr.*, No. 12 Civ. 0454(RA)(JLC), 2013 WL 3487032, *7 (S.D.N.Y. July 9, 2013) ("In order to comply with Rule 8, a complaint should offer specification as to the particular activities by any particular defendant . . . . Rule 8(a) also requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.") (internal punctuation and citations omitted); *id.* at *30 (holding that plaintiff "must provide specific allegations as to how *each particular defendant* actually participated in conduct giving rise to her claims of discrimination") (emphasis in original); *Ochre LLC v. Rockwell Architecture Planning & Design, PC*, No. 12 Civ. 2837(KBF), 2012 WL 6082387, *6-7 (S.D.N.Y. Dec. 3, 2012) ("The remaining key facts pled in the [complaint] are 'lumped' together and thus do not afford each defendant adequate notice of the factual allegations it faces. This failure to isolate the key allegations against each defendant supports dismissal under the standards set forth in *Twombly* and *Iqbal*. Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants. . . . A plaintiff cannot merely 'lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct.'") (citing *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001)); *Am. Sales Co. v. Astrazeneca AB*, No. 10 Civ. 6062(PKC), 2011 WL 1465786, *5 (S.D.N.Y. Apr. 14, 2011) ("A complaint should offer 'specification' as to the 'particular activities by any particular defendant' . . . A defendant is entitled to know, at the very least, what allegedly unlawful conduct a plaintiff seeks to attribute to it.") (citing *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-cv-42 (JG)(VVP), 2011 WL 7053807, *14 (E.D.N.Y. Jan. 4, 2011) (where plaintiff lumped together groups of defendants, the "complaint thus fails the basic pleading requirement that where a complaint names multiple defendants, Rule 8(a) requires that the plaintiffs 'indicate clearly the defendants against whom relief is sought, and the basis upon which relief is sought against the particular defendants.'") (citation omitted); *Southerland v. New York City Housing Authority*, No. 10-CV-5243(SLT), 2010 WL 4916935, *3 (E.D.N.Y. Nov. 23, 2010) (granting motion to dismiss where "Plaintiff's complaint fails to give the defendants fair notice of plaintiff's claims and fails to allege facts against each individual and agency. Plaintiff's statement of facts lists allegations against 'defendants' generally, however, it fails to distinguish defendants' conduct or allege facts against any individual defendant."); *Corazzini v. Litton Loan Servicing, LLP*, No. 1:09-CV-0199(LEK/RFT), 2010 WL 1132683, *10 (N.D.N.Y. March 23, 2010) ("The Court finds that '[t]he complaint lumps together all of the defendants in each claim without providing any factual allegations to distinguish their conduct, and accordingly dismissal of the complaint in its entirety is warranted.'") (quoting *Appalachian Enters. v. ePayment Solutions Ltd.*, No. 01-cv-11502, 2004 WL 2813121, *26 (S.D.N.Y. Dec. 8, 2004)) (alteration in *Corazzini*); *Roberts v. Keith*, No. 04 CV 10079(LAP), 2009 WL 3572962, *4 (S.D.N.Y. Oct. 23, 2009) (granting motion for judgment on the pleadings where plaintiff lumped defendants together because there is not "sufficient factual content to meet the pleading standard set forth in *Iqbal*, and so, the Complaint

4

are corporate entities or individuals. Because corporate entities are presumed to be separate, Plaintiff cannot by definitional fiat state claims against multiple corporate defendants. *See Savage v. Galaxy Media & Marketing Corp.*, No. 11 Civ. 6791(NRB), 2012 WL 2681423, *6 n.13 (S.D.N.Y. July 5, 2012) (granting motion to dismiss and noting that "plaintiff's allegations do not differentiate between the three [corporate defendants]. Given the presumption of separateness between corporate entities . . . plaintiff must demonstrate why his declining to distinguish between them is appropriate."); *see also Precision Assocs.*, 2011 WL 7053807 at *17 ("A complaint that defines a defendant in the introductory paragraphs . . . and never mentions it again to clarify, at the very least, what causes of action are brought against it clearly does not meet any plausibility standard.").

---

does not state a cause of action . . . that is 'plausible on its face.'") (citation omitted); *Ascension Health v. Am. Int'l Group, Inc.*, No. 08 Civ. 7765(PGG), 2009 WL 2195916, *2 (S.D.N.Y. July 23, 2009) (granting motion to dismiss where "the Amended Complaint is devoid of factual allegations demonstrating the direct liability of Defendant AIG, the corporate parent of Defendant National Union. Instead, the complaint simply lumps AIG with its subsidiary National Union, . . . and impl[ies] that they acted collectively."); *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. MD 06-1775(JG)(VVP), 2008 WL 5958061, *10 (E.D.N.Y. Sept. 26, 2008) ("With respect to a complaint naming multiple defendants, Rule 8(a) requires that plaintiffs 'indicate clearly the defendants against whom relief is sought, and the basis upon which the relief is sought against the particular defendants.") (citation omitted); *Martin v. City of New York*, No. 07 Civ. 7384(DC), 2008 WL 1826483, *2 (S.D.N.Y. Apr. 23, 2008) (granting motion to dismiss where defendant "is not mentioned anywhere in the complaint except where it is listed as a defendant"); *Howard v. Municipal Credit Union*, No. 05 Civ. 7488(LAK), 2008 WL 782760, *12 (S.D.N.Y. March 25, 2008) ("While Rule 8 does not prohibit 'collective allegations' against multiple defendants . . . it does require that the allegations be 'sufficient to put each [d]efendant on notice of what they allegedly did or did not do.'") (citations omitted, alteration in original); *Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, No. 01 Civ. 11502(GBD), 2004 WL 2813121, *7 (S.D.N.Y. Dec. 7, 2004) ("A plaintiff fails to satisfy Rule 8, where the complaint lumps all the defendants together and fails to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong."); *see also In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) ("general allegations as to all defendants . . . or to a single corporate entity such as 'Hitachi' is insufficient to put specific defendants on notice of the claims against them"); *Weiszmann v. Kirkland & Ellis*, 732 F. Supp. 1540, 1549 (D. Colo. 1990) ("[W]here . . . there are multiple defendants, the complaint should specify what conduct by each defendant gives rise to the asserted claim.").

In short, the overwhelming weight of authority rejects attempts – exactly like Plaintiff's – to lump together multiple defendants without specifying the conduct for which each defendant is allegedly liable.  It is impossible to tell from the Amended Complaint what allegedly unlawful action Plaintiff claims that Defendants Board and Services engaged in, as opposed to any other defendant.  Accordingly, Plaintiff's Amended Complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a), and her claims against Defendants Board and Services should be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants TIAA Board of Overseers and TIAA-CREF Individual & Institutional Services, LLC respectfully request that Plaintiff's claims against them be dismissed with prejudice for failure to state a claim and that they be granted such other relief as this Court deems just and proper.

Dated: New York, New York
November 19, 2013

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:/s/ Eric B. Sigda
   Eric B. Sigda (ES-1827)
Met Life Building
200 Park Avenue
New York, New York 10166
sigdae@gtlaw.com
(212) 801-9386

David W. Long-Daniels*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia  30305
(678) 553-2100
* *Application for admission*
 *pro hac vice forthcoming*

                                        Attorneys for Defendants TIAA Board of Overseers and TIAA-CREF Individual and Institutional Services, LLC