**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CYNTHIA RICHARDS-DONALD,<br><br>Plaintiff,<br><br>v.<br><br>TIAA BOARD OF OVERSEERS; TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC; AND JARROD FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,<br><br>Defendants. | : | Civil Action No. 13 CV 7405 (DAB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JARROD FOWLER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Jarrod Fowler hereby submits this Memorandum of Law in Support of His Motion to Dismiss for Lack of Personal Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). The Amended Complaint filed by Cynthia Richards-Donald ("Richards-Donald" or "Plaintiff") fails to allege any facts that would support the exercise of personal jurisdiction over Mr. Fowler in New York. Mr. Fowler is a resident of Texas, who is named in this lawsuit because he supervised Plaintiff, a North Carolina resident whose client assignments were primarily in Louisiana. In short, Plaintiff's claims against Mr. Fowler have nothing to do with the State of New York and she has alleged no facts that could possibly carry her burden of

proving that Mr. Fowler is subject to personal jurisdiction in this Court. Accordingly, all claims against Mr. Fowler asserted in the Amended Complaint must be dismissed.[1]

**BACKGROUND**

Plaintiff, a former employee of TIAA, alleges discrimination on the basis of race, harassment, and retaliation pursuant to 42 U.S.C. § 1981 arising out of her former employment with TIAA. (*See generally* Am. Compl.). With regard to Mr. Fowler, Plaintiff has no allegation anywhere in the Amended Complaint that would support this Court's exercise of personal jurisdiction over him. (*See id.* at ¶ 15). And, as set forth in Mr. Fowler's declaration, any such allegation would be demonstrably false – he has had no contact with New York that would satisfy the requirements of due process or the New York long-arm statute. (11/19/2013 Declaration of J. Fowler, attached as Exhibit A). At all relevant times, he has been a resident of Texas who supervised Wealth Management Advisors (including Plaintiff) in North Carolina, Texas, Arkansas, Kansas, Washington, and California (*Id.* ¶ 5). He owns no real property in New York, does not conduct business in New York, and had no contact with Plaintiff in or related to New York. (*Id.* ¶¶ 2, 4, 9). Indeed, the last time Mr. Fowler was physically in New York was in 2012, when he traveled there on just two occasions, with neither visit being related to Plaintiff. (*Id.* ¶ 2).

In other words, Plaintiff has failed to allege any facts whatsoever that would support this Court's exercise of personal jurisdiction over Defendant Fowler. Moreover, Plaintiff could not allege any such facts because Plaintiff's claims against Mr. Fowler have nothing to do with the State of New York. Accordingly, Plaintiff's claims against Mr. Fowler should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

---

1 This Motion is filed without prejudice to the simultaneously filed Motion to Dismiss or Transfer Venue or Motion for More Definite Statement filed on behalf of Mr. Fowler.

**ARGUMENT AND CITATION OF AUTHORITIES**

Plaintiff has failed to include a single allegation anywhere in her Amended Complaint that would support this Court's exercise of personal jurisdiction over Defendant Fowler, who is a resident of Texas and who supervised Plaintiff, a resident of North Carolina with assigned clients primarily in Louisiana. Indeed, it appears that Plaintiff avoided jurisdictional allegations relating to Mr. Fowler altogether because it would have been impossible – consistent with Federal Rule of Civil Procedure 11 – to expressly allege that Mr. Fowler is subject to personal jurisdiction in this Court.[2] Plaintiff's avoidance strategy notwithstanding, Plaintiff's claims against Mr. Fowler must be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Pearson Educ., Inc. v. Kumar*, 721 F. Supp. 2d 166, 181 (S.D.N.Y. 2010) ("A motion to dismiss must be granted if a court lacks personal jurisdiction over a defendant.").

Plaintiff bears the burden of proving that Mr. Fowler is subject to personal jurisdiction in this District. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). At this early stage of the litigation, Plaintiff need only make a prima facie showing that this Court has personal jurisdiction over Mr. Fowler. *See id.* To make such a showing the complaint must contain specific allegations that, if proven true, would support the exercise of personal jurisdiction. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (holding that a prima facie jurisdictional showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant");

[2] For example, Plaintiff expressly alleges that the three corporate defendants are located in this District, but conspicuously fails to mention Mr. Fowler's location (Texas). (Am. Compl. ¶ 7). As another example, Plaintiff specifically gives street addresses for the three corporate defendants when she identifies the parties (*id.* ¶¶ 12-14) but does not even mention Mr. Fowler's state of residence (*id.* ¶ 15).

*Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) ("A prima facie showing of jurisdiction does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.") (citations and quotes omitted).

Here, Plaintiff has not alleged a single fact that would support personal jurisdiction over Mr. Fowler in New York. Indeed, for all the information that is in the Amended Complaint, Mr. Fowler might live in a cave on the moon and never have heard the words "New York." Plaintiff cannot carry her burden of making a prima facie showing of jurisdiction without a single allegation – not even a legal conclusion – supporting personal jurisdiction over Mr. Fowler. *See Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 443 (S.D.N.Y. 2012) (granting motion to dismiss where "[t]he Amended Complaint makes a single allegation regarding personal jurisdiction" and "provide[s] no additional factual averments as to [defendant's] contacts with New York"); *see also Carpenter v. Republic of Chile*, No. 07-CV-5290(JS)(ETB), 2011 WL 2490947, *3 (E.D.N.Y. June 22, 2011) (granting motion to dismiss where claims arose from business conducted outside of New York and plaintiff pled harm only to himself, a non-New York resident).

Even if Plaintiff were to come forward later with an express allegation that Mr. Fowler is subject to personal jurisdiction in New York, his attached declaration expressly and indisputably refutes any such claim. Specifically, Mr. Fowler is a resident of Texas, owns no real estate in New York, did not talk to or communicate with Plaintiff in New York, did not supervise any employees in New York, did not report to any employee in New York, and has only traveled to New York twice in the last two years, neither trip occurring in 2013 or being related to Plaintiff in any way. (Fowler Decl. ¶¶ 2, 4-6, 9). In short, Plaintiff neither has alleged nor could

possibly allege (consistent with Rule 11) facts sufficient to carry her burden of proving that Mr. Fowler is subject to personal jurisdiction in New York. Accordingly, Plaintiff's claims against Mr. Fowler should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Jarrod Fowler respectfully requests that Plaintiff's claims against him be dismissed with prejudice for lack of personal jurisdiction and that Defendant be granted such other relief as this Court deems just and proper.

Dated: New York, New York
November 19, 2013

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Eric B. Sigda*

Eric B. Sigda (ES-1827)
Met Life Building
200 Park Avenue
New York, New York 10166
sigdae@gtlaw.com
(212) 801-9386

David W. Long-Daniels*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100
* *Application for admission pro hac vice forthcoming*

Attorneys for Defendant Jarrod Fowler