IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD, <br><br> Plaintiff, <br><br> v. <br><br> TIAA BOARD OF OVERSEERS; TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC; AND JARROD FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, <br><br> Defendants. | Civil Action No.  13 CV 7405 (DAB) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT

Defendants TIAA Board of Overseers ("Board"), TIAA-CREF Individual and Institutional Services, LLC ("Services"), Teachers Insurance and Annuity Association of America ("TIAA") and Jarrod Fowler ("Fowler") hereby submit this Memorandum of Law in Support of Their Motion for More Definite Statement, pursuant to Federal Rule of Civil Procedure 12(e).  The Amended Complaint filed by Cynthia Richards-Donald ("Richards-Donald" or "Plaintiff") is a classic "shotgun pleading" that makes it impossible to tell which factual allegations Plaintiff claims support which of her distinct causes of action.  Accordingly, Defendants hereby move for a more definite statement of the Amended Complaint.[1]

---

[1] This Motion is filed without prejudice to the simultaneously filed (1) Motion to Dismiss or Transfer Venue filed by Defendants, (2) Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Jarrod Fowler, or (3) Motion to Dismiss for Failure to State a Claim filed by Defendants Board and Services.

1

## BACKGROUND

Plaintiff, a former employee of TIAA, appears to allege discrimination on the basis of race, harassment, and retaliation pursuant to 42 U.S.C. § 1981 arising out of her former employment with TIAA. (*See generally* Am. Compl.). Each of Plaintiff's ostensibly separate causes of action for discrimination and retaliation include a paragraph in which Plaintiff "repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs." (*Id.* at ¶¶ 81, 87). As a result, Plaintiff's first cause of action is 86 paragraphs long, and Plaintiff's second cause of action contains the exact same 86 paragraphs, plus five new ones. It is impossible to tell which allegations Plaintiff claims support her first cause of action and which she claims support her second cause of action. As a result, she should be ordered to provide a more definite statement of her claims, to the extent they are not dismissed as separately requested by Defendants.

The confusion inherent in Plaintiff's shotgun pleading is immediately apparent upon simple review of the Amended Complaint. Plaintiff's factual allegations are divided into three categories under separate headings. The first heading is "Discrimination against Ms. Richards-Donald." (*Id.* p. 7). The second heading is "Culture and Practice of Racism at TIAA." (*Id.* p. 10). The third heading is "Retaliation Due To Ms. Richards-Donald's Protected Complaints." (*Id.* p. 13). A natural reading of the Amended Complaint leads to the conclusion that Plaintiff is asserting three separate claims supported by three separate groups of factual allegations: a claim for discrimination, supported by paragraphs 21 through 42; a claim for hostile work environment, supported by paragraphs 43 through 64; and a claim for retaliation, supported by paragraphs 65 through 80. That natural conclusion, however, is totally inconsistent with Plaintiff's later allegations.

Despite having three separate headings for her factual allegations, Plaintiff asserts only two "causes of action." (*Id.* ¶¶ 81-92). Adding to the confusion, the first cause of action is apparently some amalgamation of a discrimination claim and a hostile work environment claim. (*See id.*¶¶ 82-83). Combining the two distinct claims into the first count makes the entire Amended Complaint confusing. *See* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.").

Perhaps more problematic, though, is Plaintiff's incorporation of all three groups of factual allegations into both of her causes of action. In other words, Plaintiff's first cause of action (the combination discrimination/harassment claim) incorporates the retaliation allegations. And Plaintiff's second cause of action (the retaliation claim) incorporates the discrimination and harassment allegations. The result is utter confusion. For example, it appears that Plaintiff is claiming that she was retaliated against in a January 2010 pay decision (Am. Compl. ¶ 28) because of a May 2013 complaint (*Id.* ¶ 76). As another example, it appears that Plaintiff is claiming that she was subjected to a hostile work environment on the basis of her African-American race because someone other than her supervisor allegedly "seized control" of a potential investment from a non-African-American employee over 2,000 miles away in Arizona. (*Id.* ¶ 49). Such allegations are nonsense, but given Plaintiff's shotgun pleading style, it is impossible to tell which allegedly unlawful actions she claims should be evaluated under the legal standard for discrimination claims, which should be evaluated under the standard for hostile work environment claims, and which should be evaluated under the standard for retaliation claims.

Accordingly, Plaintiff should be ordered to replead her claims with the specificity and clarity required by the Federal Rules of Civil Procedure.

## ARGUMENT AND CITATION OF AUTHORITIES

Plaintiff's Amended Complaint is a classic example of an impermissible shotgun pleading. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions.  Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous."); *Belluomo v. Rios*, No. 06 Civ. 4194(SCR)(MDF), 2009 WL 435715, *1 (S.D.N.Y. Feb. 17, 2009) (shotgun pleading "[i]n addition to distracting from meritorious claims (and delaying the adjudication of other potentially meritorious cases) . . . often exasperates judges and their legal staff who are already burdened by overcrowded dockets"); *Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp.*, 17 F.R.D. 226, 227 (S.D.N.Y. 1955) (noting "the evils attendant on [shotgun] pleading . . . involving serious imposition upon the time of an already harassed court and incredible and wasteful pretrial complications on collateral issues").

Courts throughout the country recognize the burden that shotgun pleading places on defendants and the Court. *See Opdycke v. Stout*, 233 Fed. App'x 125, 127 (3d Cir. 2007) (noting that "'shotgun complaint' usually creates 'a task that can be quite onerous' for courts") (citation omitted); *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The trial judge described [plaintiffs'] method of pleading as 'shotgun' pleading and stated that he was not going to do [plaintiffs'] work for them to connect assertions with element of all sections of the RICO law. . . . The law recognizes a significant difference between notice pleading and

4

'shotgun' pleading."); *Thomas v. Capital Security Servs., Inc.*, 812 F.2d 984, 990 (5th Cir. 1987) ("The court's references to 'shotgun allegations' in plaintiffs' complaint certainly raise the possibility of rule 11 violations.").

Accordingly, and so that neither Defendants nor this Court are required to sift through Plaintiff's Amended Complaint to determine which allegations support which claims, Plaintiff should be ordered to provide a more definite statement of her claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that, to the extent Plaintiff's Amended Complaint is not dismissed as separately requested, Plaintiff be ordered to provide a more definite statement of any and all remaining claims, and Defendants be granted such other relief as this Court deems just and proper.

Dated: New York, New York
November 19, 2013

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Eric B. Sigda*
　Eric B. Sigda (ES-1827)
Met Life Building
200 Park Avenue
New York, New York 10166
sigda@gtlaw.com
(212) 801-9386

David W. Long-Daniels*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia  30305
(678) 553-2100
* *Application for admission
 pro hac vice forthcoming*

Attorneys for Defendants