IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD, <br><br> Plaintiff, <br><br> v. <br><br> TIAA BOARD OF OVERSEERS; TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC; AND JARROD FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, <br><br> Defendants. | Civil Action No. 13 CV 7405 (DAB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Eric B. Sigda (ES-1827)
Met Life Building
200 Park Avenue
New York, New York 10166
sigdae@gtlaw.com
(212) 801-9386
*Attorneys for Defendants*

ATL 19427223v5

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ................................................................................ 2

II. STATEMENT OF RELEVANT FACTS ................................................................. 3

III. ARGUMENT AND CITATION OF AUTHORITY .............................................. 3

    A. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT VENUE IN THE SOUTHERN DISTRICT OF NEW YORK ........................................................................... 4

        1. Venue Is Not Proper Under § 1391(b)(1) Because Not All Defendants Reside In New York ........................................................ 5

        2. Venue Is Not Proper Under § 1391(b)(2) Because The Alleged Events Giving Rise To Plaintiff's Claims Did Not Occur In New York .......... 6

        3. Venue Is Not Proper Under § 1391(b)(3) Because Proper Venue Exists In The Western District Of North Carolina ............................... 8

    B. IF THE AMENDED COMPLAINT IS NOT DISMISSED, THIS CASE SHOULD BE TRANSFERRED TO A PROPER VENUE ....................... 8

IV. CONCLUSION ......................................................................................................... 10

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA RICHARDS-DONALD,<br><br>    Plaintiff,<br><br>v.<br><br>TIAA BOARD OF OVERSEERS; TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; TIAA-CREF INDIVIDUAL AND INSTITUTIONAL SERVICES, LLC; AND JARROD FOWLER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,<br><br>    Defendants. | Civil Action No.  13 CV 7405 (DAB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

Defendants TIAA Board of Overseers ("Board"), Teachers Insurance and Annuity Association of America ("TIAA"), TIAA-CREF Individual and Institutional Services, LLC ("Services"), and Jarrod Fowler ("Fowler") hereby submit this Memorandum of Law in Support of Their Motion to Dismiss, or in the Alternative, to Transfer Venue, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) respectively, on the Amended Complaint filed by Cynthia Richards-Donald ("Richards-Donald" or "Plaintiff").[1]

Plaintiff's Amended Complaint alleges violations of 42 U.S.C. § 1981 arising out of her employment in North Carolina, her assigned client concentration in Louisiana, and the alleged actions of her supervisor, who lived in Texas. In short, not one of Plaintiff's claims has anything

---

[1] This Motion is filed without prejudice to the simultaneously-filed (1) Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Fowler, (2) Motion to Dismiss for Failure to State a Claim by Defendants Board and Services, and (3) Motion for More Definite Statement filed by all Defendants.

ATL 19427223v5

to do with New York. Nevertheless, Plaintiff makes the assertion that venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b). [Am. Compl., ¶ 7]. As a matter of law, Plaintiff has failed to meet the venue criteria set forth by 28 U.S.C. § 1391(b)(1), (2) or (3). Accordingly, Defendants respectfully move this court to dismiss the Amended Complaint, or in the alternative, transfer the instant action to the Western District of North Carolina, Charlotte Division, where Plaintiff has lived and been employed by TIAA for the last 13 years and where any alleged employment discrimination must have occurred.

## I. PRELIMINARY STATEMENT

Plaintiff alleges discrimination on the basis of race and retaliation pursuant to § 1981 arising out of her former employment with TIAA. The only basis for venue in this District alleged in the Amended Complaint is Plaintiff's unsubstantiated assertion that the corporate defendants – but not Mr. Fowler – "are located within the Southern District of New York" and that "a substantial part of the events or omissions giving rise to this action, including unlawful employment practices alleged herein, occurred in this district." [Am. Compl. ¶ 7]. Plaintiff's Amended Complaint, however, does not specify which of the alleged "events or omissions" occurred in the Southern District of New York.

As discussed in more detail herein, the Southern District of New York is an improper venue under 28 U.S.C. § 1391(b). First, venue is not proper pursuant to § 1391(b)(1) because not all of the Defendants reside in New York – Mr. Fowler lives in Texas. Second, venue is not proper pursuant to § 1391(b)(2) because <u>none</u> of the alleged factual circumstances giving rise to the Amended Complaint occurred in New York, much less the "substantial part" required by § 1391(b)(2). Third, venue is not proper pursuant to § 1391(b)(3) because venue can be properly laid in the Western District of North Carolina pursuant to 28 U.S.C. 1391(b)(2). Accordingly,

this action, instituted by a North Carolina resident against the former employer for whom she worked in North Carolina and her Texas-based supervisor, is not properly venued in this District and should be either dismissed or transferred.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff worked for TIAA in Charlotte, North Carolina from 2000 until the time of her termination in 2013.  [Am. Compl. ¶ 17].  At the time of her termination, Plaintiff was a Wealth Management Advisor for TIAA with a Louisiana-based concentration of assigned clients.  [*Id.* at ¶ 51].  As alleged by Plaintiff, Mr. Fowler became her supervisor in late 2009.  [*Id.* at ¶ 26].  Mr. Fowler lives in Dallas, Texas and works out of TIAA's Lewisville, Texas office.  Indeed, Plaintiff concedes that Mr. Fowler's "dwelling or usual place of abode"  is in Texas because that is where she served his wife with the summons and complaint.  [*See* Summonses to Jarrod Fowler, attached hereto as Exhibit A]; Fed. R. Civ. P. 4(3)(2)(B).

Plaintiff's factual allegations mention no fewer than five different states.  [Am. Compl. ¶ 4 (Louisiana), ¶ 17 (North Carolina), ¶ 38 (Denver, Colorado and Lewisville, Texas), ¶ 49 (Arizona)].  The only mention of New York, however, is Plaintiff's employment in New York some thirteen years ago.  [*Id.* at ¶ 17].  To the extent Plaintiff's claims of discrimination are connected to any geographic location, they focus on her employment in North Carolina and a meeting in Louisiana with a potential client.  Plaintiff's Amended Complaint does not contain a single allegation of discrimination or retaliation executed in New York, originated from New York, or that was felt by Plaintiff while in New York.

## III.   ARGUMENT AND CITATION OF AUTHORITY

On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper in the forum district.  *E.P.A. ex. rel McKeown v. Port Auth. of N.Y. and N.J.*, 162

3

F. Supp. 2d 173, 183 (S.D.N.Y. 2001) (citations omitted).  At the motion to dismiss stage, the court generally decides the matter based on the assumed truth of the plaintiff's well-pleaded factual allegations.  *Id*.  However, "[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits [and declarations].  *APWU et al. v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (citations omitted); *see also E.P.A. ex. rel McKeown,* 162 F. Supp. 2d at 183 (applying the same to the determination of proper venue).  Plaintiff must proffer affidavits or declarations to supplement the relevant allegations in her complaint if disputed by the defendant.  *See Clearasite Headwear, Inc. v. Paramount Cap Mfg. Co., Inc.*, 204 F. Supp. 4, 5 (S.D.N.Y. 1962) (dismissing plaintiff's claims for improper venue reasoning that "[s]ince plaintiff has chosen to submit no affidavit in opposition to the motion, defendant's affidavits in support thereof stand uncontradicted.")

    **A.**    **PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT VENUE IN THE SOUTHERN DISTRICT OF NEW YORK**

Plaintiff asserts in the most conclusory terms that venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  [Am. Compl. ¶ 7].  However, Plaintiff's factual allegations neither satisfy the residency requirement nor the "substantial part" threshold required by 28 U.S.C. § 1391(b)(1) and (2).  Moreover, the alleged discriminatory acts about which Plaintiff complains must have occurred in North Carolina, Texas, or Louisiana, and correspondingly, venue can be properly laid in at least one other district court.  Thus, venue cannot be properly laid in Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3).

1.  **Venue Is Not Proper Under § 1391(b)(1) Because Not All Defendants Reside In New York.**

Venue under 28 U.S.C. § 1391(b)(1) is available in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Plaintiff conspicuously fails to include any allegation regarding the state of Mr. Fowler's residency in the Amended Complaint. [*Cf.* Am. Compl. ¶¶ 12-14 (identifying the specific street addresses for corporate defendants) *with id.* ¶ 15 (failing to even mention the state where Mr. Fowler lives)]. Presumably, Plaintiff avoids the topic of Mr. Fowler's residency to distract this Court from her inability to satisfy the clear residency requirement articulated in 28 U.S.C. § 1391(b)(1). Mr. Fowler resided, at all relevant times, and continues to reside in Texas.[2] [11/19/13 Declaration of J. Fowler, ¶ 2, attached hereto as Exhibit B]. Moreover, Mr. Fowler has <u>never</u> been a resident of New York. [*Id.*]. Indeed, Plaintiff acknowledged and conceded that Mr. Fowler is <u>not</u> a resident of New York when she served him, in Texas, with the Amended Complaint and summons by "leaving a copy of each at [Mr. Fowler's] dwelling or usual place of abode" with his wife. Fed. R. Civ. P. 4(e)(2)(B). Plaintiff's Summons to Mr. Fowler's home address identifies his residence as Dallas, Texas. Similarly, Plaintiff's Summons to Mr. Fowler's employment address identifies his place of business as Lewisville, Texas. [*See* Ex. A].

The established precedent clearly states that venue may not lie under § 1391(b)(1) when the defendants do not all reside in the forum state. *See Daniel v. Am. Bd. of Emergency Medicine*, 428 F.3d 408, 431 (2d. Cir. 2005) (holding that venue in Western District of New York was not proper pursuant to 28 U.S.C. 1391(b)(1) and reasoning that "[p]laintiffs' reliance

---

[2]  Indeed, Mr. Fowler did not begin to supervise Plaintiff until nearly <u>ten years</u> after she relocated from New York to North Carolina. [Am. Compl. ¶¶ 15, 17].

5

on § 1391(b)(1) merits little discussion because all defendants do not reside in New York State"). Accordingly, Plaintiff has failed to show that venue is proper in this District under § 1391(b)(1).

### 2. Venue Is Not Proper Under § 1391(b)(2) Because The Alleged Events Giving Rise To Plaintiff's Claims Did Not Occur In New York

Section 1391(b)(2) provides that "a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Plaintiff merely asserts, without specificity, that "a substantial part of the events or omissions giving rise to this action, including unlawful employment practices alleged herein, occurred in this district." [Am. Compl. ¶ 7].

Plaintiff's vague contention is unavailing because "general and conclusory allegations do not alone support a finding of venue under § 1392(b)." *G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, No. 97 Civ. 0730, 1998 WL 78292, at *3 (S.D.N.Y. Feb. 24, 1998). In fact, the Second Circuit Court has cautioned district courts to take seriously the adjective "substantial…[and] to construe the venue statute strictly." *Gulf Ins. Co v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). To that end, the Second Circuit has announced a two-part inquiry: "[f]irst, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to [those] claim[s] ... have occurred in the district in question." *Daniel,* 428 F.3d at 432 (quotations omitted). Further, "substantiality for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Id*. at 432-33.

In the instant matter, Plaintiff has not and cannot assert that <u>any</u> of the alleged acts giving rise to her claims occurred in the Southern District of New York.  As an initial matter, at all times relevant hereto, Plaintiff, by her own admission, resided and worked in North Carolina.  [Am. Compl. ¶ 17].  Further, the acts giving rise to Plaintiff's claims include:  (1) Mr. Fowler's alleged decision to compensate Plaintiff in a racially disparate manner [Am. Compl. ¶¶ 25, 28]; (2) Mr. Fowler's alleged interference with Plaintiff's Louisiana client base [Am. Compl. ¶¶ 44-54]; (3) TIAA's alleged failure to promote Plaintiff [Am. Compl. ¶¶ 29-41]; and (4) Plaintiff's alleged retaliatory termination pursuant to a reduction in force in North Carolina and her refusal to relocate to Louisiana [Am. Compl. ¶¶ 44-54].  Indeed, every allegedly unlawful act, communication and employment decision affecting Plaintiff occurred in North Carolina, Texas, or Louisiana.  Moreover, Plaintiff explicitly alleges that her Texas-based supervisor, Mr. Fowler, "directly controlled the terms and conditions of her employment," about which she complains.  [Am. Compl. ¶ 26].  In fact, Plaintiff alleges that Mr. Fowler was the "primary offender" causing interference with her Louisiana client base.  [Am. Compl. ¶ 4].  Plaintiff also alleges Mr. Fowler's singular responsibility for her alleged salary disparity.  [Am. Compl. ¶ 28].  Plaintiff cannot reasonably contend that alleged discriminatory acts undertaken in Texas and Louisiana, ultimately effectuated in North Carolina, satisfy the Second Circuit's  qualitative test for "substantiality" under 28 U.S.C. § 1391(b)(2).

Notably, the Complaint does not mention a single act by any Defendant that occurred in the Southern District of New York.  Indeed, the only connection to the State of New York alleged by Plaintiff in the Amended Complaint are the respective headquarters of Defendants TIAA, Board, and Services and her employment with TIAA over 13 years ago.  [Am. Compl. ¶¶ 12-14, 17].  Thus, Plaintiff fails to meet the standard set forth by § 1391(b)(2) to establish venue.

### 3. Venue Is Not Proper Under § 1391(b)(3) Because Proper Venue Exists In The Western District Of North Carolina

In the instant matter, Section 1391(b)(3) is inoperative. Section 1391(b)(3) provides that a civil action may be brought in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)(3). The Second Circuit explained "if there is no district in which the action may otherwise be brought indicates that venue may be based on that subsection <u>only</u> if venue cannot be established in another district pursuant to any other venue provision." *Daniel*, 428 F.3d at 434 (citing *Doctor's Assocs. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996) (citing 1A Moore's Federal Practice ¶ 0.342[3], at 4083)) (emphasis added); *see also* Wright, Miller & Cooper, 15 Fed. Prac. & Proc. § 3802.1 (Supp. 2005) (describing § 1391(a)(3), like § 1391(b)(3), as a "fallback" provision available only when there is no district in which venue can be laid pursuant to (b)(1) and (b)(2)). In this case, § 1391(b)(2) establishes venue in at least the Western District of North Carolina, where Plaintiff was employed, or potentially the Northern District of Texas where Mr. Fowler works. As demonstrated by Section III.A.2 herein, a "substantial part" of the alleged events giving rise to Plaintiff's claims were effective at Plaintiff's place of employment, in the Western District of North Carolina. In the alternative, the source of a "substantial part" of the employment-related decisions about which Plaintiff complains is Mr. Fowler's employment in the Northern District of Texas. Consequently, venue cannot properly lie in the Southern District of New York pursuant to § 1391(b)(3).

### B. IF THE AMENDED COMPLAINT IS NOT DISMISSED, THIS CASE SHOULD BE TRANSFERRED TO A PROPER VENUE

While Defendants maintain that this case should be dismissed for improper venue, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying

venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Supreme Court announced that the functional purpose of § 1406(a) is "that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).  Still, the Second Circuit, like other Circuits, holds that "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette*, 997 F.2d at 1026.

In the instant action, significant aspects of the allegations underlying Plaintiff's claims are directly related to North Carolina because Plaintiff worked, at all relevant times, in North Carolina. Accordingly, the effects of all alleged discriminatory acts, included the alleged retaliatory reduction in force, occurred in North Carolina. There is no statutory basis for venue to lie in the Southern District of New York and the above styled matter should be dismissed or transferred, in accordance with this Court's discretion.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants respectfully move, in the interests of justice and sound judicial administration, to dismiss the instant action for improper venue, or in the alternative, transfer the case to the Western District of North Carolina, Charlotte Division.

Dated: New York, New York
       November 19, 2013

                                                Respectfully submitted,

                                                GREENBERG TRAURIG, LLP

                                                By:/s/ *Eric B. Sigda*
                                                     Eric B. Sigda (ES-1827)
                                                Met Life Building
                                                200 Park Avenue
                                                New York, New York 10166
                                                sigdae@gtlaw.com
                                                (212) 801-9386

David W. Long-Daniels*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, Georgia  30305
(678) 553-2100
* *Application for admission*
 *pro hac vice forthcoming*

                                                Attorneys for Defendants